May it please, excuse me, may it please the court. My name is John Lustel. I represent Jeffrey Natmatmama, the appellant. The district court dismissed this FDCPA case at the pleading stage by choosing the wrong transaction. The relevant transaction is not Jeffrey's alleged violation of the HOA rules. It is the residential CC&R governed arrangement that created the HOA's power to impose monetary charges in the first place. The Ninth Circuit cases already treat HOA assessments, related charges, liens, foreclosure threats, and attorney's fees as FDCPA debt collection activity. The fines here were imposed under the same CC&R framework, sent as monetary demands and accompanied by threats of liens, judgment, and foreclosure. Even if the panel has doubts about whether fines themselves are debts, dismissal with prejudice was still air because the district court never reached Ross Morgan's debt collector defenses and never allowed amendment to plead assessments, fees, collection charges, and Ross Morgan's collection rule. The judgment should be reversed or at a minimum vacated and remanded with leave to amend. So there's three issues... What would you allege differently if you had the opportunity to amend? Well... What new facts? Right, so some of the facts that would be amended are, at the very core of this case, these invoices and letters and whatnot were sent to Jeffrey Nabamama, who is not the owner of the property. And so this debt isn't inherently his. And so that's part of the reason I sued under the FDCPA, or this case is under the FDCPA, is because they are trying to collect money from someone who doesn't owe it. He's not the owner of the property. It is under a trust name. And so that's what I would amend to include that as well in there. And I would also add the assessments that are also being sent to him under those letters. Do you think you win even if you can't show those things that you just said, though? I mean, we would have to see. I mean, again, the fact that the complaint was dismissed with prejudice didn't even give me a chance to further find more facts or... But I guess my question is, do you think you win on the current complaint? On the current complaint? I believe so, if we continue to go through discovery and establish that role as debt collector. So you think you already state a claim under the current complaint? Correct, Your Honor. May I continue? Okay. So, again, as the questions proposed, there's three issues that we have to keep returning to. One is the debt issue. Obviously, there are cases in this circuit that define HOA assessments as FDCPA debt. There are some district court cases which cite that HOA fines. I believe the HUP case states that it doesn't go into it. And so the Mashiri case, which is cited in my brief, doesn't really go farther than assessments. And so what we're searching for here is clarity on whether HOA assessments and the fines associated with HOA contracts, which these consumers, when they buy the property, they consent to the obligation that arises, are also considered debts under the FDCPA. So you recognize that this case, to do what you're asking us to do, would take our law one further step than where it already exists? Correct, Your Honor. And so why does that additional step make sense when the financial obligation at issue here requires sort of a, I think the case law talks about some sort of like a tort-like action, like some sort of violation as opposed to just an automatic obligation? I think that analysis doesn't go deep enough into even why assessments are considered FDCPA debt. And the reason assessments are considered debt under the FDCPA is that a consumer consents under a contract through the CCNRs to pay assessments, to, you know, not paint their wall a certain color or, you know, have your dog leased, whatever the CCNRs state. And so because of those extra things, it is not like a, I don't want to say parking ticket, but it is not, you know, some sort of municipal fine from the city or sort of, you know, like a ticket. It is, they are consenting, if I want to buy this property or live in this HOA, then I also have to follow the rules. And part of those rules is consenting to being fined under the contracts and following the CCNR. And so that is why. The point is, the way it's an additional step is that having to pay the fine does not automatically flow from the property transaction. It flows from not following rules. Correct. But the following the rules is part of the contract and the consent to purchase the property. And you must pay assessments just like you must if you have fines on your, I guess, your ledger that you must pay to the HOA, and you don't pay them, then they can potentially file lien on your property or force you to sell your property and so forth. And so that is part of the consensual transaction and the obligation when you decide to purchase the property. Are there any circuits that have held that this kind of debt related to HOA obligations is not covered by the FDCPA? I believe the police cited one circuit, and I think the judge in the motion in his order in the motion to dismiss cited the seventh circuit. I would have to look at my notes to verify that. But I do believe some circuits do state that fines are not considered debts under the FDCPA, and as well as there are some circuits that do say that fines may be considered debts under the FDCPA. And is that point you're making, so some circuits say that fines related to violations as opposed to assessments, that they draw a distinction between those two categories? Or are you saying that other circuits, there are some circuits who have said that any obligation related to an HOA is outside of the statute? That is a good distinction, and I would need to look at my, you know, the case a little bit more to understand that. But I think the rationale here is that, and it's what I've been repeating, is that the. I'm sorry, could you please repeat your question again? Yeah, I'm just trying to, I was looking around for, you know, are we sort of in the mainstream of other courts or not? And it seems to me that the weight of authority is treating HOA related debt as under the statute. And I was just curious if you were aware of other circuits drawing a bright line and saying HOA related debt is not in this statute. HOA related debt not in the statute. Thank you. Again, off the top of my head, I would have to look at my notes to search for that. So I don't want to give you an answer that I'm not confident of. Thanks. If possible, I would like to reserve any time for rebuttal. That's fine. Thank you. Good morning, Your Honors. My name is Sean Rowan. I represent the defendant, Appley, Ross Morgan & Company. It is the property manager at issue in this case. I wanted to raise a couple points after hearing Mr. Dell's discussion. I think it's really critical that the court differentiate between a condominium assessment or what's called the condominium fee and a condominium fine. And these are analyzed differently under the case law. So a condominium assessment is a payment that's going to be obligated to pay for the basic core operations of the condo, and a unit owner is required to pay that when they buy their condo. I think everybody knows that. When you buy a condominium, you're going to have a monthly or yearly assessment. So the case law has said that those obligations are FDCPA debts, as described in 15 U.S.C. 169A5. And picking up where I left off with your friend across the aisle, are you aware of any courts that have drawn a bright line and said all HOA-related obligations are outside of this statute? Not a bright line, but I think this is important. The plaintiff's brief brought up a case called Franklin from the Seventh Circuit. And so the Seventh Circuit had a previous case from 2011 called Gully, which we cited, and that showed the things like municipal fines, tort judgments. Yeah, but those had nothing to do with HOA assessments, right? In fact, there was a violation of a city ordinance, which is different than a fine that arises out of an agreement, which is similar to a CCNR agreement, correct? So I'm not aware of circuit decisions that have held that a fine is not an FDCPA debt. There's a couple of district courts. But even just an assessment, has any circuit held that a HOA assessment is not a debt for these statutes? I'm not aware of that. And so your argument really depends on us buying this distinction, that there's a difference between a HOA fine and an HOA assessment. That's the crux of it. So why would that matter? Because the contract you enter with HOA provides for both. Well, it can, but it certainly provides for kind of any assessments. And I think if you look at the definition. And don't they also say things like if you paint your house the wrong color, you're going to have a fine? It can, if it were to say. I think the courts have really analyzed what the declarations and the governing documents say. The Agrello case that plaintiffs cited looked to this, and in that case, the 11th Circuit ruled that a fine was covered by the FDCPA, but that was because that association, that particular association, called a fine a regular assessment. So I think the case law, the analysis, you have to look pretty closely at what the nature of the obligation is. And under the definitions, it has to. Are you saying that here, if the CCNRs called this fine an assessment, then you would lose simply by virtue of what they called it, as opposed to looking at whether it arises out of the underlying agreement? No, I think that you have to do exactly that, is look and see if it fits the definitions. Because here, I don't think the subsequent fine fits the FDCPA's definitions, because it doesn't arise out of that original home purchase. It comes later, and this is a dispute. Well, so does an assessment. Assessment comes later, too? They're contemplated at the time of purchase, because people don't necessarily know that they're going to be fined when you buy a condominium, because it's predicated on an owner's behavior. An owner has to disobey a rule. Then the board has to consider that rule. Then the board has to decide to issue a fine, and then that has to be a monetary fine. Like the Hub case that was about muzzling the dog, there were monetary and non-monetary components of that. There was a piece where they were given a $200 fine, and then they couldn't use a specific gate. So boards have a lot of discretion in how they issue these fines, and I think they're much more like a verdict, like a judgment. A board also can raise the assessments. I mean, you might expect it to be $100 a month, and now the board decides it's $200 a month, and it's discretion, and we still think that's a debt. Well, and the governing documents will govern that, and most governing documents I don't believe. But the governing documents also say you have a fine if you break our rules, right? Yes. So I don't understand the difference. Well, I think here it's different from other cases, especially the Franklin case, which is the one that involved the parking ticket out of the Seventh Circuit, because there's a statutory framework. I mean, condominiums are creatures of statute, and the California Civil Code governs how these fines are issued, and there's specific different sections in the California Civil Code for collecting on assessments versus collecting on a fine that's a monetary fine issued by a board. So there's an underlying state law structure that governs how these fees are issued, and California law looks at assessment obligations as it calls them equitable servitudes. So there's sort of an equitable obligation in a homeowner's association among owners to pay these types of assessments. I'm sorry. I'm not following your argument right now. Under sort of what argument are you making with respect to how the California laws apply for purposes of defining whether or not this fine is or is not a debt under the FDCPA? Well, it's not a consumer transaction. I mean, some of the cases talk about a business deal for goods or services. The imposition of a fine by a condominium association is not that. It doesn't meet the common contract elements. There's no offer. There's no acceptance. There's no consideration. How could in Franklin sort of the entering into a parking lot and sort of the implied consumer agreement constitute a debt, but something where you actually enter into a governing document or a CCNR for purposes of homeownership not be considered a consumer agreement? It seems to me that Franklin talks about a much more tenuous relationship between the consumer and an agreement that gives rise to the debt, and here you actually have a governing document. The fine in Franklin, it was anticipated at the time of the transaction, and it's a part of the initial transaction. In the papers there, they said that it was a $1.50 fee and a $45 fine. If you park your car and you overstay your time, you owe $45, clear as day. In a condominium association, it is not clear at the time that you enter that contract that you're going to be fined for anything, let alone a monetary fine, because you could be warned. A board could say, please don't do this, or they could take away your gate privileges like they did in HUP. There's no understanding at the time of that contract. So does your argument depend on the idea that the exact amount of money that you would owe is known in advance when you sign the contract? That would be critical to it. But that's not true of an assessment, as I was saying before. Boards can raise them later. So I think your argument depends on a premise that's in tension with what all the courts say about assessments. Well, that's where the difference between fines and assessments is very important, because the fines arise much later. They're not arising out of a transaction. They're not the subject of the transaction. Purchasing your home is a subject of the transaction. At that point, you're going to be understood to have to pay an assessment. Even if it changes in dollar amount, you know that you're going to be paying an assessment from day one when you take that deed until you dispose of that unit. Everybody knows that, but it's not known that these other facts are going to happen where you're going to be subject to discipline. And Judge Desai, my discussion about the California Civil Code, I just wanted to highlight that. And I think the court can take judicial notice of it, that there's a different structure for fines versus for collecting regular assessments. And the courts that have analyzed this have looked at this pretty closely. You didn't argue anything about California's laws in your brief, did you? Plaintiffs raised it in their brief. We didn't respond to it in our brief. And it's really more of an issue after the Franklin case came up and looked at the nature of the obligation. Well, Franklin was in 2016. Right. So it's not like you didn't know about Franklin when you wrote your brief. Well, so Franklin doesn't cite to Gulley. And this is important. We cited to Gulley, which is the fee and fines case. But the Seventh Circuit had Gulley before it in Franklin in the briefs. And the Seventh Circuit panel chose in Franklin not to cite to Gulley, not to analyze Gulley, not to overrule Gulley. And that explains why you didn't talk about the California laws in your brief? Well, we didn't get to the nature, the core nature of the obligation. I didn't think we needed to get to that piece yet. So I have a question about that. I mean, I guess this question sort of steps back a few steps from the analysis presented here and probably from the analysis that we're bound by given our existing precedent. But what is your understanding under California law? So I understand contracts and servitudes on land to be different things. What is California's law in terms of a CCNR document or governance structure? Which one is it in? Which bucket? So the fine, if it's a fine. No, no, I'm asking a question that's backed up a couple of steps. Just categorically, CCNR agreements that get put into place, are those contracts or are those servitudes? That's a difficult question because the CCNR is a contract, but it's backed by the Davis-Sterling Act in California, which categorizes the relationship between the parties as an equitable servitude. So it's kind of both. I mean, there is a contract there, but then it's that. Who are the parties to the contract? It would be the members of the association. When you purchase a unit and become a unit owner, then you'd be a member, a part of that contract. And then that's what the statute says is that it regards that as an equitable servitude. And then there's a separate structure that's used. This is in Section 5850 to 5875 that discusses the imposition of monetary fines for discipline purposes. So I think the substantive law in California is looking at them in two different buckets. And so that's where I think this is different than like your kind of garden variety parking ticket case where you have a $15 charge or a $45 charge, rather. People understand they're going to be walking into a charge if you overstay your time in a parking spot. Much like you'd understand that when you buy a condominium in California, you're going to be paying assessments on that on a monthly or yearly basis while you own that property. But then there's this other piece that if it's a transaction, it can occur years after the home purchase when an owner could be fined for something, and it could be a myriad of facts that would give rise to that fine. It could be painting, like you mentioned. It could be your dogs don't have a muzzle. It could be you like to have a lot of parties. You know, it could be many things that would not be contemplated. So I don't think that that's an FDCPA transaction as the case law views it. It's highly disputed, and that is in line with the cases that have come from this court that regard the assessments as a separate bucket from the fines. But I don't think that there is a circuit court that I'm aware of that has come out and said that the HOA fine is not a – specifically not a debt. District courts have. We cited them. HUP did. So I think the district courts in California are operating on that premise. And then in other states, I think that's consonant with the Seventh Circuit. And then – sorry if we're – I think we have you over your time, so I think I need to cut you off. Thank you very much for the helpful argument. Thanks, Judge. Let's hear rebuttal. May it please the Court. I just have a couple things that I want to address, and I'll be brief. In the appellant – in counsel's discussion regarding the definitions of these things, such as assessments versus debts, fines, fees, what have you, this is the exact reason I believe that the circuit – this circuit should extend this definition of debt under the FDCPA. Because HOAs can define things as whatever they want. So if they want to tack something on that they want to get from a consumer or owner of a property, then they can define it in a certain way and then escape any of the consumer protection laws, such as the FDCPA, to avoid proper debt collection and what have you. Also, another – regarding this as well, the key thing that I want to restate here is that the appellant doesn't owe this debt. This is technically not his to pay. And so this can create a slippery slope for him or other debt collectors because at the end of the day that is the most egregious violation of this complaint, which is that he's getting letters and collections from – excuse me, not collections, but he's getting letters, invoices, and threats for a debt he does not owe or is not legally required to pay. Regarding the discussion that counsel had with the Franklin case, and he used a – when his discussion of equitable servitude and the Davis-Sterling Act and how he – I think he stated, and I don't want to misquote him, but that the contract is under the CCNRs, but it is governed by the statute of Davis-Sterling Act. And I think that's analogous to – just like credit cards, which we clearly know are debt under the FDCPA. When you sign up for a credit card and their terms of service, they clearly tell you that you are – here is the interest, here are the fees that you may have to pay after you get the credit card, et cetera. And just like that, it is also governed by a statute, the FDCPA, and related state claims such as Rosenthal. And so where I'm going with this is that this is an obligation not created under statute or tort. It is created under the contract when they go and they look at the CCRs, when they're interested in buying the – or when they purchase the property and HOA gives them the huge, you know, block of CCNRs, and they understand what they have to do, and that is part of the contract that they sign. And that is why I believe that the debt – HOA debt and fines and penalties should be considered under the FDCPA. Thank you both sides for the helpful arguments. Thank you, Your Honor. These cases are submitted.
judges: FRIEDLAND, FORREST, DESAI